IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANNA MICHELE TESTERMAN | : | |
| | : | |
| v. | : | Civil No. CCB-13-3048 |
| | : | |
| THE PROCTER & GAMBLE MANUFACTURING COMPANY | : | |

**MEMORANDUM**

Plaintiff Anna Michele Testerman brings this action against her former employer, The Proctor & Gamble Manufacturing Company ("the Company").[1]  Ms. Testerman asserts that the Company discriminated against her on the basis of sex and disability, retaliated against her for exercising her rights under federal law, and interfered with her rights under the Family and Medical Leave Act.  Before the court are Ms. Testerman's motion to enter a pro se appearance, motion to quash the Company's subpoena for medical records, motion to strike her answer to the Company's interrogatory regarding damages, and motion to compel the Company to answer her first set of interrogatories.  Also before the court is the Company's motion for summary judgment.  The parties have fully briefed the issues, and no hearing is necessary.  *See* Local R. 105.6 (D. Md. 2014).  For the reasons that follow, Ms. Testerman's motion to enter a pro se appearance will be denied as moot, her motion to quash will be granted in part and denied in part, her motion to strike her answer to the Company's interrogatory regarding damages will be

---

[1] In its answer to Ms. Testerman's complaint, the defendant indicates that Ms. Testerman was employed by Noxell Corporation, not The Proctor & Gamble Manufacturing Company.  (*See* Answer 1 n.1, ECF No. 5 ("Plaintiff's Complaint is erroneously captioned.  Undersigned represents that Plaintiff was employed by Noxell Corporation and, as such, Noxell Corporation is the proper Defendant to her suit.").)  Documents included as attachments by the parties, however, seem to show that The Proctor & Gamble Manufacturing Company employed Ms. Testerman.  (*See, e.g.*, Mot. Summ. J. Ex. 30, ECF No. 35-32 (Termination Letter).)  The issue of the identity of the proper defendant in this case may require clarification in the future.

1

granted, and her motion to compel the Company to answer her first set of interrogatories will be granted as to interrogatory number 21 and denied in all other respects. The court will not address the Company's motion for summary judgment at this time.

## BACKGROUND

This case arises from Ms. Testerman's 2005 to 2012 tenure with the Company, and in particular the period between her transfer to a new position in 2009 and her termination on February 13, 2012. (ECF No. 35-32; Testerman Aff. ¶¶ 2-4, Opp. Mot. Summ. J. Ex. 4, ECF No. 45-4.) Ms. Testerman, who has diabetes, had trouble working in excessively hot conditions, and felt that the Company did not adequately respond to her health issues. (ECF Nos. 45-2, 45-12.) She also felt "berated and criticized" by several of the other members of her all-male work team. (Testerman Aff. ¶ 4.)

Ms. Testerman filed an eight-count complaint in this court on October 14, 2013, alleging (1) a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) retaliation in violation of Title VII; (3) a hostile work environment in violation of Md. Code Ann., State Gov't § 20-606(a)(2)(i); (4) retaliation in violation of Md. Code Ann., State Gov't § 20-606(a)(2)(i); (5) interference with her rights under the Family and Medical Leave Act of 1993 ("FMLA"); (6) retaliation in violation of the FMLA; (7) failure to accommodate her disability in violation of the Americans with Disabilities Act ("ADA"); and (8) retaliation in violation of the ADA.

On March 21, 2014, however, Ms. Testerman's counsel moved to withdraw. The court granted that motion on March 24, 2014, and Ms. Testerman moved to enter her pro se appearance that same day. On May 27, 2014, without the aid of counsel, Ms. Testerman moved

to quash the Company's subpoena for her medical records.  The Company opposed the motion.  On June 11, 2014, Ms. Testerman moved to strike and correct what she described as a typographical error in her answer to the Company's interrogatory number 11; her answer indicated that she sought damages in excess of $500,000,000, whereas she says she meant to write $500,000.  The Company did not oppose the motion to strike.  On June 19, 2014, Ms. Testerman filed a motion to compel answers to certain interrogatories and production of certain documents.  The Company opposed the motion.   On September 2, 2014, the Company filed a motion for summary judgment.  Ms. Testerman then obtained a new attorney, who filed his notice of appearance on September 19, 2014.  Now counseled for the first time since March 2014, Ms. Testerman opposed the motion for summary judgment on October 17, 2014.

## ANALYSIS

### I.   Motion to enter pro se appearance and motion to strike

Because Ms. Testerman is now again represented by an attorney, the court will deny as moot her motion to enter a pro se appearance.  The court will also grant Ms. Testerman's unopposed motion to strike the reference to $500,000,000 in her interrogatory response, and substitute $500,000 for that figure.

### II.   Motion to Quash

On May 27, 2014, Ms. Testerman filed a motion to quash the Company's subpoenas for her medical records, which she claimed sought "all medical records from January 1, 2010 to date." (ECF No. 22 at 1.)  She argued that (1) her medical records are irrelevant because "she was not fired for health issues," (*id.*); (2) the Company was already in possession of certain of her medical records relevant to a workers' compensation award; (3) the request was overbroad,


in that in included her OB/GYN records, which "have nothing to do" with her claims, (*id.* at 2); and (4) because she had already advised the Company that she was not receiving any psychiatric care or taking medication to treat a psychiatric condition, medical records concerning her mental health are irrelevant.

In its June 9, 2014 opposition to the motion to quash, the Company argued that Ms. Testerman's medical records were discoverable because Ms. Testerman had "placed her physical, mental and emotional health at issue in her lawsuit" by, among other things, alleging discrimination on the basis of disability and seeking damages for embarrassment, stress, and mental anguish.  (ECF No. 23 at 1.)  The Company also argued that because Ms. Testerman failed to confer with the Company regarding the motion and refused to sign a medical release regarding discovery of information she had placed at issue, the Company "should be awarded reasonable fees and costs incurred in having to oppose Plaintiff's Motion and in having to engage in such efforts to obtain routine discovery information."  (*Id.* at 2.)  Finally, the Company stated that it "did not request medical records from the medical provider that Plaintiff identified as her OB/GYN in her interrogatory responses," and that the Company seeks "only that information which is reasonably related to Plaintiff's claims in this case."  (*Id.* at 6.)

Generally speaking, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Parties may use Federal Rule of Civil Procedure 45 to command parties or non-parties to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control."  Fed. R. Civ. P. 45(a)(1)(a)(iii).  A plaintiff's medical records "are within her possession and control and [are] therefore discoverable under Rule 34(a)(1), if relevant."

*Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 580 (D. Md. 2010). On timely motion, however, a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The court also "has the power to modify the scope" of a subpoena and remove "objectionable features from it while preserving the rest . . . ." 9A Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2459 (3d ed. 2012). *See also Cappetta v. GC Servs. Ltd. P'ship*, 266 F.R.D. 121, 126-27 (E.D. Va. 2009) (modifying a subpoena for medical records, and designating all documents produced "Attorneys' Eyes Only"). Under Local Rule 104.7, a discovery motion must be accompanied by a certificate describing the parties' discovery conference or attempts to hold a discovery conference. Local R. 104.7 (D. Md. 2014).

Ms. Testerman put her physical health at issue by raising claims under the ADA and FMLA arising from her alleged medical conditions. The Company is therefore entitled to medical records relevant to her disability (which the Company has already agreed do not include OB/GYN records). To the extent Ms. Testerman is concerned about the confidentiality of her medical records, she and the Company are directed to confer and seek an agreement allowing the Company access to medical records relevant to her claims while addressing those concerns.

As to mental health records, Ms. Testerman alleges she "suffered mental anguish" as a result of the Company's actions, (Compl. ¶ 46), and seeks "damages based on humiliation and embarrassment," (Compl. Prayer for Relief (e)). These allegations relate only to damages, and Ms. Testerman does not appear to claim a severe psychological impact from the alleged harassment. If the court is correct in that assumption, Ms. Testerman need not disclose records

pertaining to her mental health at this stage.[2]

### III.     Motion to Compel

On June 19, 2014, Ms. Testerman filed a motion to compel the Company to answer certain of her interrogatories and respond more fully to her requests for production of documents. She argued that the Company's interrogatory answers were generally unresponsive, and the Company's document production was incomplete. The Company countered that (1) the motion was untimely because Ms. Testerman filed it slightly more than thirty days after she received the Company's allegedly deficient response;[3] (2) Ms. Testerman filed the motion to compel with the court without first serving the motion on the Company and trying to informally resolve the issues in accordance with Local Rules 104.7 and 104.8;[4] and (3) the Company responded properly to all of Ms. Testerman's discovery requests.

An interrogatory may relate to any nonprivileged matter relevant to any party's claim or defense, "including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). "If a party is unable to give a complete answer to an interrogatory, it should furnish any relevant information that is available." 8B Wright et al., *Fed. Prac. & Proc. Civ.* § 2177. Where good cause exists, the court is empowered to "order

---

[2] The court will not order Ms. Testerman to pay the Company's reasonable attorneys' fees and costs incurred in opposing the motion to quash.

[3] Under Local Rule 104.8.a, "[i]f a party who has propounded interrogatories or requests for production is dissatisfied with the response to them and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response." Local R. 104.8.a (D. Md. 2014). The Company indicates that Ms. Testerman received its responses on May 13, 2014, but Ms. Testerman did not file the motion to compel until June 19, 2014.

[4] *See* Local R. 104.7 (D. Md. 2014) (a discovery motion must be accompanied by a certificate describing the parties' discovery conference or attempts to hold a discovery conference); Local R. 104.8.a (D. Md. 2014) (a motion to compel must be served on the opposing party prior to filing with the court); Local R. 104.8.b (D. Md. 2014) (parties must hold the discovery conference required by Local Rule 104.7 after serving upon one another all documents relating to a motion to compel).

discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). A motion to compel, however, "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* Local R. 104.7 (D. Md. 2014).

The Company apparently refused to identify female employees transferred to the day shift and subsequently fired between September 2007 and 2008, even after Ms. Testerman notified the Company that she believed a particular female employee (whose full name she could not recall) was fired as the result of harassment by male co-workers. (*See* Resp. Mot. Compel 15-16, ECF No. 32 (recounting correspondence between Ms. Testerman and the Company concerning Ms. Testerman's interrogatory number 21); Testerman Aff. ¶ 13 (stating that "at least one other woman named Kiesha was terminated after making complaints about" sexual harassment).) As this evidence may be relevant to Ms. Testerman's claims, the court will grant the motion to compel a response to Ms. Testerman's interrogatory number 21 to the extent that counsel are directed to confer and attempt to agree on a reasonable response. The motion to compel will be denied in all other respects.

**IV.   Motion for Summary Judgment**

In light of the outstanding discovery issues discussed above, the court will not address the Company's motion for summary judgment at this time. Rather, the parties will be granted until February 9, 2015, to exchange discovery in accordance with this memorandum and order. The Company may file a supplement to its motion for summary judgment, if it chooses to do so, by February 23, 2015, and Ms. Testerman may respond or file her own supplement by March 9,

2015.

      A separate order follows.


January 9, 2015                                                 /S/
Date                                                         Catherine C. Blake
                                                              United States District Judge